IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51121
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS SOTOMAYOR-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-99-CR-140-All
--------------------
January 15, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jesus Sotomayor Garcia argues that the district court erred in giving a jury instruction on "deliberate ignorance" because there was no evidence presented to show that he was aware that he was engaged in illegal activity or that he purposely contrived to conceal his knowledge.

The district court should give a jury instruction on deliberate indifference "'only when the defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate ignorance.'"  United States v. Lara-Velasquez, 919

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 946, 950 (5th Cir. 1990). Garcia denied any knowledge of the presence of drugs in the Suburban, but the evidence indicated that Garcia was subjectively aware that he was engaging in illegal activities. The evidence did not reflect that Garcia was "duped" into carrying the drugs or that he was in possession of the drugs as a result of negligence or carelessness.

However, the evidence did not indicate that Garcia "deliberately blinded" himself to the presence of drugs in the vehicle. The drugs were concealed in the floor of the vehicle, and the alterations to the vehicle were not apparent to a casual observer. Even assuming that the district court erred in giving the deliberate ignorance instruction, the error was harmless because the evidence reflected Garcia's actual knowledge of misconduct. United States v. Threadgill, 172 F.3d 357, 369 (5th Cir.), cert. denied, 120 S. Ct. 172 (1999). The presence of the large amount of drugs in the vehicle considered in connection with Garcia's demeanor and his inconsistent statements concerning the ownership of the vehicle and the events preceding the stop at the checkpoint gave rise to a reasonable inference that Garcia possessed actual knowledge of the criminal activity. Thus, any error in giving the "deliberate ignorance" instruction was harmless.

Garcia also argues that the evidence was insufficient to support his conviction for possession with intent to distribute a quantity of marijuana, in an amount in excess of 100 kilograms but less than 1000 kilograms. "Knowledge of the presence of contraband may ordinarily be inferred from the exercise of

control over the vehicle in which it is concealed." <u>United States v. Garcia</u>, 917 F.2d 1370, 1376-77 (5th Cir. 1990). However, "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge" is required when the drugs are secreted in a hidden compartment. <u>United States v. Ortega Reyna</u>, 148 F.3d 540, 544 (5th Cir. 1998) (internal citation and quotation marks omitted).

Garcia does not dispute that over 500 pounds of marijuana was concealed in the vehicle that he was operating. Viewing the additional evidence in the light most favorable to the verdict, it showed that Garcia exhibited nervousness when he was initially questioned by the agent, that he gave inconsistent statements concerning the ownership of the Suburban, and that he changed his story about his prior border crossing after his initial explanation was contradicted by the computer records. This behavior indicated that Garcia's assertions of innocence were not credible and that he was aware that he was in possession of a large amount of marijuana when he crossed into the United States. <u>See</u> <u>United States v. Casilla</u>, 20 F.3d 600, 606 (5th Cir. 1994). Further, after hearing the testimony of the agents and Garcia's testimony, the jury made a credibility choice in determining Garcia's guilt, a determination which should not be disturbed on appeal. <u>United States v. Bell</u>, 678 F.2d 547, 549 (5th Cir. 19820 (en banc). Garcia's argument that the evidence was insufficient to support his conviction is without merit.

AFFIRMED.